## ERROR FROM COURT OF INSOLVENCY TO THE COMMON PLEAS.

[Circuit Court of Hamilton County.]

CITY v. LOHMAN ET AL.

Decided, June 22, 1907.

*Eminent Domain—Purpose of the Legislature to Expedite Appropriation Proceedings—Error Proceedings—Duty of Common Pleas to Retain Cause—Sections 6438, 6453 and 1536-114.*

Where error is prosecuted from the court of insolvency to the court of common pleas in an appropriation proceeding, and the judgment is reversed, it is the duty of the common pleas to retain the case and proceed to try the matter at issue as provided in Section 6438.

Swing, P. J.; Smith, J., and Giffen, J., concur.

This was in effect an action in the insolvency court for the appropriation of private property.

Error was prosecuted to the judgment of the insolvency court to the court of common pleas, in which court the judgment of the insolvency court was reversed, and the cause remanded to the insolvency court for a new trial.

We are of the opinion that the court erred in remanding the case to the insolvency court for a new trial. It should have retained the cause and proceeded to try the matter at issue as is provided in Section 6438, Revised Statutes.

Section 1536-114 provides that municipal corporations and other parties may prosecute error to the judgments of probate and insolvency courts as in other civil actions, which we think means as in other civil actions for appropriation of private property.

Section 6453, Revised Statutes, says the provision of this chapter shall not apply to municipal authorities, but it goes on to point out in what respect it shall not apply, which is as to the payment of judgment.

It is apparent that the intention of the Legislature was to expedite the determination of appropriation proceedings, in order that the corporation may get the possession of the property for the benefit of the public and further that the citizen may have his money for which his property is taken and which right is especially guarded by the Constitution of the state and of the United States.

Judgment reversed to this extent.

*City Solicitors,* for plaintiff in error.

*Renner & Renner,* contra.